UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-3086(DSD/HB)

Covanta Hennepin Energy
Resource Co., LLC,

        Plaintiff,

v.

                                            **ORDER**

The County of Hennepin,

        Defendant.


   Mark J. Blando, Esq., Jared M. Reams, Esq. and Eckland &
   Blando LLP, 800 Lumber Exchange, 10 South 5th Street,
   Minneapolis, MN 55402, counsel for plaintiff.

   Charles H. Salter, Esq., Jane N.B. Holzer, Esq. and Hennepin
   County Attorney's Office, 300 South 6th Street, Suite A-2000,
   Minneapolis, MN 55487, counsel for defendant.


   This matter is before the court upon the motion for a
temporary restraining order by plaintiff Covanta Hennepin Energy
Resource Co., LLC. The court denied the motion from the bench with
this written order to follow.


                          **BACKGROUND**

   This contract dispute arises from the longstanding business
relationship between Covanta and defendant Hennepin County. Since
1989, Covanta has managed and operated the Hennepin Energy Recovery
Center (HERC), which converts solid waste into energy through
combustion. Compl. ¶¶ 8-9. In 2003, the County purchased the
HERC, and thereafter entered into an amended service agreement with

Covanta, which expires on March 2, 2018 (Agreement). Id. ¶¶ 10-11; Agreement, Art. 12.01. Covanta has the option to extend the Agreement for a total of seven years through two extension periods. Agreement, Art. 12.02.

To exercise its option, Covanta must notify the County "not later than four years prior to the expiration of the original Term, in the instance of the first extension option, and two years prior to the expiration of the original Term, in the instance of the second extension option." Id. Art. 12.02(A). Once proper notice is given, the parties "shall commence negotiations in good faith of a fair market value Service Fee[1] for the disposal of Sold Waste to be effective during the relevant extension period." Id. Art. 12.02(B). If the parties come to an agreement within six months, the negotiated terms will apply to the relevant extension period. Id. If the parties fail to reach an agreement, the County may do one of two things: (1) trigger arbitration for a determination of a fair market value of the Service Fee or (2) solicit alternate proposals from "a qualified provider." Id. Art. 12.02(B), (D). If the County follows the latter course, it must notify Covanta of the terms of the third-party proposal. Id. Art. 12.02(D). Covanta then has thirty days in which to agree to "perform on the same or better terms." Id. If Covanta does so, the "Agreement shall be

---

[1] The scope and meaning of "Service Fee" is set out in lengthy detail in the Agreement. See Agreement Art. 5.

2

extended on such terms." Id.

On February 28, 2014, Covanta timely notified the County that it was exercising its first option to extend the Agreement. Compl. ¶ 22. The parties began negotiations with some excusable delays. Id. ¶¶ 23-25. The court will not attempt to characterize the negotiations at this stage of the litigation, but the record shows that the parties had substantial disagreements about how to proceed under the Agreement. See, e.g., Salter Aff. Exs. A-P; McNary Aff; Blando Aff. Exs. A-C. In November 2014, the parties agreed to extend the negotiation period to March 9, 2015. Compl. ¶ 32. After continued negotiations failed to yield an agreement, on March 4, 2015, the County notified Covanta that it would solicit alternative proposals consistent with Art. 12.02(D) of the Agreement. Id. ¶ 37. The County nevertheless agreed, at Covanta's request, to an extension of the negotiations. Id. Negotiations continued without success until August 21, 2015. Id. ¶¶ 38-40.

On September 8, 2015, the County published a request for proposals from third parties. Id. ¶ 41. On February 17, 2016, during that process, Covanta notified the County that it was exercising its second option to extend the contract. Id. ¶ 42. The County responded by referencing its March 4, 2015, letter in which it notified Covanta that it would solicit proposals from third parties. Id. ¶ 43. On August 21, 2016, the County accepted the proposal from GRE HERC Services, LLC, and notified Covanta that

3

it had 30 days to agree to perform on the same or better terms. Id. ¶ 45.

On September 15, 2016, just one week before the 30-day period expired, Covanta filed this suit alleging that the County breached the Agreement by failing to negotiate the first extension option in good faith and by soliciting alternative proposals outside the scope of the original agreement.  Covanta seeks damages, specific performance, and declaratory relief.  Covanta also immediately moved for a TRO, asking the court to enjoin the County from (1) executing the GRE contract; (2) requiring Covanta to accept or decline the terms of the GRE contract; and (3) terminating negotiations and soliciting alternate proposals.

After full briefing, the parties appeared before the court on September 19.  At the court's urging, the parties agreed to continue negotiations for two more days to see if they could reach a resolution.  The court later extended that period by an additional week.[2]  During that time, Covanta purported to exercise its right of refusal by submitting an alternate proposal on "better terms" than those submitted by GRE.  Second Blando Aff. Ex. A.  The County rejected the proposal, disagreeing that Covanta's terms were the same or better than GRE's.  Id. Ex. B, at 2.  On September 28, the parties notified the court that they could not reach agreement.

---

[2]  The County informed the court that a short delay would not jeopardize the GRE proposal.

The court then denied Covanta's TRO motion from the bench.  In so ruling, the court relied on the four familiar factors set forth in Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  The court provides further analysis for its decision here.

## DISCUSSION

A TRO is an extraordinary equitable remedy, and the movant bears the burden of establishing its propriety.  Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).  The court considers four factors in determining whether a TRO should issue:  (1) the likelihood of success on the merits, (2) the threat of irreparable harm in the absence of relief, (3) the balance between the harm alleged and the harm that the relief may cause the non-moving party, and (4) the public interest.  Dataphase, 640 F.2d at 114.

Covanta has not met its burden of establishing the need for the extraordinary remedy of temporary injunctive relief.  Most notably, Covanta has failed to establish irreparable harm.  See Watkins, 346 F.3d at 844 (noting that the "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny" injunctive relief).  First, Covanta has not established that its harm cannot be addressed through damages.  See Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009) ("Irreparable harm occurs when a party has no adequate remedy at

5

law, typically because its injuries cannot be fully compensated through an award of damages."). Covanta has cited to no case on point holding otherwise, nor has it established that damages would provide inadequate relief. Second, the Agreement appears to preclude Covanta's requested injunctive relief. <u>See</u> Agreement Art. 13.03© ("[N]either party shall have the right to ... require specific performance by the other party and damages shall ordinarily be considered an adequate remedy for an Event of Default by either party under this Agreement."). Third, Covanta's delay in bringing this motion undermines its argument that the harm is irreparable. As early as March 2015, plaintiff knew that defendant would solicit additional bids. Even so, Covanta failed to object or file a motion to prohibit the bidding process from going forward. Then on August 21, 2016, the County notified Covanta that it had accepted a proposed service agreement with a third party and that Covanta had 30 days to exercise its right of first refusal. Rather than file a TRO motion at that time, Covanta waited until the 30-day period was nearly expired. The delay belies Covanta's claim of irreparable harm. <u>Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.</u>, 182 F.3d 598, 603 (8th Cir. 1999).

The court also concludes that the remaining factors weigh in favor of denying injunctive relief. With respect to the likelihood of success on the merits, there are many material facts in dispute that render a preliminary finding difficult. As such, the court is

unpersuaded at this time that Covanta is likely to succeed on the merits.

The court next finds that the balance of the harms weighs against granting Covanta's motion. Covanta will certainly be harmed if it loses its contract with the County; however, the parties expressly contemplated such an occurrence by agreeing to the alternative proposal provision in the Agreement. See Agreement Art. 12.02(B), (D). In contrast, if the TRO were granted, the County would be forced to contract with Covanta - likely under terms it deems unfavorable - and to breach its new contract with GRE.

The public interest also weighs against granting injunctive relief. Although, on the one hand, "[e]nforcing valid contracts ... serve[s] the public interest," Breton S.p.A. v. Cambria Co., No. 05-CV-2634, 2006 WL 314497, at *4 (D. Minn. Feb. 9, 2006), the greater public interest here is in maintaining a well-functioning HERC facility. Given the parties' acrimony, the court seriously questions the wisdom of effectively forcing them to maintain a relationship for an additional seven years.

Finally, the purpose of a TRO is to "preserve the status quo until the merits [of the case] are determined." Dataphase, 640 F.2d at 113. Here, maintaining the status quo would be fruitless. The parties have unsuccessfully attempted to negotiate a contract extension for more than two years. It does not appear that

additional time would result in a mutually acceptable contract. Under the circumstances, the injunctive relief requested is neither warranted nor appropriate.

## CONCLUSION

Accordingly, based on the above and as stated at the hearing, **IT IS HEREBY ORDERED** that the motion for a temporary restraining order [ECF No. 4] is denied.

Dated: October 4, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court