UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-3086(DSD/HB)

Covanta Hennepin Energy
Resource Co., LLC,

                    Plaintiff,

v.                                                    **ORDER**

The County of Hennepin,

                    Defendant.


          Mark J. Blando, Esq. and Jared M. Reams, Esq. and Eckland &
          Blando LLP, 800 Lumber Exchange, 10 South 5th Street,
          Minnepolis, MN 55402, counsel for plaintiff.

          Charles H. Salter, Esq and Jane N.B. Holzer, Esq. and Hennepin
          County Attorney's Office, 300 South 6th Street, Suite A-2000
          Minneapolis, MN 55487, counsel for defendant.


     This matter is before the court upon the motion to dismiss by

defendant Hennepin County.  Based on a review of the file, record,

and proceedings herein, and for the following reasons, the court

denies the motion.


**BACKGROUND**

     This contract dispute arises from the longstanding business

relationship between plaintiff Covanta Hennepin Energy Resource

Co., LLC and the County.  Since 1989, Covanta has managed and

operated the Hennepin Energy Recovery Center (HERC), which converts

solid waste into electricity through combustion.  Am. Compl. ¶ 9.

In 2003, the County purchased the HERC and thereafter entered into

an amended service agreement with Covanta, which expires on March 2, 2018 (Agreement).  Id. ¶¶ 11, 12, 15; Agreement, Art. 12.01. Covanta had the option to extend the Agreement for a total of seven years.  Am Compl. ¶¶ 16-18; Agreement, Art. 12.02.

To exercise its extension option, Covanta must notify the County "not later than four years prior to the expiration of the original Term, in the instance of the first extension option, and two years prior to the expiration of the original Term, in the instance of the second extension option." Agreement Art. 12.02(A). Following such notification, the Agreement requires the parties to "commence negotiations in good faith of a fair market value Service Fee[1] for the disposal of Solid Waste to be effective during the relevant extension period."  Id. Art. 12.02(B).  If the parties come to an agreement within six months, the negotiated terms will apply to the relevant extension period.  Id.  If the parties fail to reach an agreement, the County may do one of two things:  (1) trigger arbitration for a determination of a fair market value of the Service Fee or (2) solicit alternate proposals from "a qualified provider."  Id. Art. 12.02(B), (D).  If the County follows the latter course, it must notify Covanta of the terms of the third-party proposal.  Id. Art. 12.02(D).  Covanta then has thirty days in which to agree to "perform on the same or better

---

[1]  The scope and meaning of "Service Fee" is set out in lengthy detail in the Agreement.  See Agreement Art. 5.

2

terms." _Id._  If Covanta does so, the "Agreement shall be extended on such terms."  _Id._

On February 28, 2014, Covanta notified the County that it was exercising its first option to extend the Agreement.  Am. Compl. ¶ 23.  The parties began negotiations with some excusable delays. _Id._ ¶¶ 24-26.  Thereafter, it became clear that the parties had substantial disagreements about how to proceed under the Agreement. _See, e.g._, Salter Aff. Exs. A-G; Am. Compl. ¶¶ 26-33.  In November 2014, the parties extended the negotiation period to March 9, 2015. Am. Compl. ¶ 34.  After continued negotiations failed, on March 4, 2015, the County notified Covanta that it would solicit alternative proposals consistent with Art. 12.02(D) of the Agreement.  _Id._ ¶ 40.  The County nevertheless agreed, at Covanta's request, to an extension of the negotiations.  _Id._ Negotiations continued without success until August 21, 2015.  _Id._ ¶¶ 38-40.

On September 8, 2015, the County requested proposals from third parties.  _Id._ ¶ 44.  On February 17, 2016, Covanta notified the County that it was exercising its second option to extend the contract.  _Id._ ¶ 45.  The County responded by referencing its March 4, 2015, letter in which it notified Covanta that it would solicit proposals from third parties.  _Id._ ¶ 46.  On August 21, 2016, the County accepted the proposal from GRE HERC Services, LLC, and notified Covanta that it had 30 days to agree to perform on the same or better terms.  _Id._ ¶ 48.

On September 15, 2016, just one week before the 30-day period expired, Covanta filed this suit alleging that the County breached the Agreement by failing to negotiate the first extension option in good faith and by soliciting alternative proposals outside the scope of the original agreement.  Covanta also immediately moved for a temporary restraining order, asking the court to enjoin the County from moving forward with the GRE proposal.  The court withheld ruling on the TRO motion to allow the parties additional time to reach a resolution.

Covanta submitted an alternate proposal, which the County rejected.  Am. Compl. ¶¶ 55-57.  The parties notified the court of the impasse, and the court then denied Covanta's TRO motion.  ECF Nos. 22, 23.  Covanta subsequently filed an amended complaint alleging that the County breached the Agreement by:  (1) failing to negotiate the contract extension in good faith; (2) accepting GRE's terms, which create an entirely new contract rather than an extension of the Agreement; and (3) refusing to accept Covanta's better counter-proposal.[2]  Am Compl. ¶¶ 59-83.  The County now moves to dismiss the amended complaint.

---

[2]  Covanta also asserted a claim for declaratory judgment, which it has since withdrawn.  <u>See</u> Pl.'s Opp'n Mem. at 29.

**DISCUSSION**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim,
"'a complaint must contain sufficient factual matter, accepted as
true, to state a claim to relief that is plausible on its face.'"
Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)
(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim
has facial plausibility when the plaintiff [has pleaded] factual
content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."  Iqbal, 556
U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556
(2007)).  Although a complaint need not contain detailed factual
allegations, it must raise a right to relief above the speculative
level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a
formulaic recitation of the elements of a cause of action" are not
sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and
internal quotation marks omitted).

The court does not consider matters outside the pleadings
under Rule 12(b)(6).  Fed. R. Civ. P. 12(d).  The court may,
however, consider matters of public record and materials that are
"necessarily embraced by the pleadings."  Porous Media Corp. v.
Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and
internal quotation marks omitted).  Here, the Agreement and
documents reflecting the parties' recent negotiations are properly

5

considered by the court.

## II.  Breach of Contract

To establish a breach of contract claim under Minnesota law, Covanta must show formation of a contract, performance of any conditions precedent by the County, a material breach by the County, and damages. <u>MSK EyEs Ltd. v. Wells Fargo Bank, N.A.</u>, 546 F.3d 533, 540 (8th Cir. 2008).  The County acknowledges that only the third element - whether Covanta has adequately alleged a material breach of contract by the County - is at issue.

The County argues that each of Covanta's claims fail as a matter of law based on a plain reading of the Agreement.  Covanta responds that the contract is subject to interpretation, which precludes dismissal under Rule 12(b)(6).  The court agrees with Covanta.  As evidenced by the Agreement and related documents provided to the court, the question of whether the County breached the Agreement is a fact intensive inquiry that cannot be resolved on a motion to dismiss.  The parties offer varying interpretations of the contract and the parties' obligations thereunder, and differing views on their course of conduct under the Agreement.  As a result, the court must deny the motion to dismiss.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 25] is denied.

Dated: December 7, 2016

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court